Firm ID No. 13681                    4016.101                    BHE/ATF/JPE/NDvW:am

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | | |
|---|---|---|---|
| JOHN PRUSIK, | ) | | |
| | ) | | |
| Plaintiff, | ) | No. 08 cv 1900 | |
| | ) | | |
| vs. | ) | The Honorable Judge Pallmeyer | |
| | ) | | |
| COLLECTCORP CORPORATION, | ) | Magistrate Judge Nolan | |
| | ) | | |
| Defendant. | ) | | |

## COLLECTCORP CORPORATION'S ANSWER
## TO PLAINTIFF'S COMPLAINT

## MATTERS COMMON TO MULTIPLE CLAIMS

## INTRODUCTION

1.      Plaintiff brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Collectcorp Corporation.  Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C.  § 1692 et seq. ("FDCPA").  The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

**ANSWER**:     This Paragraph does not allege facts to which an answer is necessary.  To the extent it alleges any facts, those facts are denied.

1

## VENUE AND JURISDICTION

2.      This Court has jurisdiction under 15 U.S.C. §1692K (FDCPA), 28 U.S.C. § 1331,

28 U.S.C. §1337 and 28 U.S.C. §1367.

**ANSWER**:    Defendant admits the allegation contained in Paragraph 2 of Plaintiff's complaint.


3.      Venue and personal jurisdiction in this District are proper because:

        a.      Defendant' collection communications were received by plaintiff within

this District;

        b.      Defendant does or transacts business within this District.

**ANSWER**:    Defendant admits the allegation contained in Paragraph 3 of Plaintiff's complaint.


## PARTIES

4.      Plaintiff is an individual who resides in the Northern District of Illinois.

**ANSWER**:    Upon information and belief, Defendant admits the allegations contained in

Paragraph 4 of Plaintiff's complaint.


5.      Defendant Collectcorp Corporation is a corporation that does business in Illinois.

Its registered agent and office are CT Corporation Systems, 208 S. LaSalle St., Suite 814,

Chicago, IL 60604.

**ANSWER**:    Defendant admits the allegations contained in Paragraph 5 of Plaintiff's

complaint.


6.      Collect Corporation is engaged in the business of using the mails and telephone to

collect consumer debts originally owed to others.

2

**ANSWER**:    Defendant Collectcorp Corporation admits that it is engaged in the business of using the mails and telephone to collect debts originally owed to others.

7.    Collectcorp Corporation is a debt collector as defined in the FDCPA.

**ANSWER**:    Defendant admits the allegations contained in Paragraph 7 of Plaintiff's complaint.

## FACTS

8.    Collectcorp Corporation has been attempting to collect from plaintiff an alleged debt incurred for personal, family or household purposes, namely a student loan which plaintiff guaranteed for one of his children.

**ANSWER**:    Defendant admits the allegation contained in Paragraph 8 of Plaintiff's complaint.

9.    On December 6, 2007, a representative of Collectcorp Corporation using the name Jesse Right and the telephone number 877-719-715 x8660 called plaintiff's place of employment, asked to speak to the person in charge of payroll, and stated to that person that plaintiff had a past due account.

**ANSWER**:    Defendant admits only that a phone call was placed from one of its telephone lines to plaintiff's place of employment and denies the remaining allegations contained in Paragraph 9 of Plaintiff's complaint.

10.    The telephone number belongs to Collectcorp Corporation.

**ANSWER**:    Defendant admits the allegations contained in Paragraph 10 of Plaintiff's complaint.

11.     On February 19, 2008, the same representative of Collectcorp Corporation called plaintiff's place of employment, discussed the debt with Terry Selby, and claimed that plaintiff's employer was liable for the debt, which was not true.

**ANSWER**:    Defendant admits only that a phone call was placed from one of its telephone lines to plaintiff's place of employment and one of its employees spoke with Mr. Selby and denies the remaining allegations contained in Paragraph 11 of Plaintiff's complaint.

12.     On February 23, 2008, a representative of Collectcorp Corporation using the name Nathan Jones called plaintiff's neighbor and asked the neighbor to convey a message to plaintiff about not being able to visit plaintiff.

**ANSWER**:    Defendant admits only that a phone call was placed from one of its telephone lines to plaintiff's neighbor and one of its employees spoke with the neighbor and denies the remaining allegations contained in Paragraph 12 of Plaintiff's complaint.

13.     The neighbor informed plaintiff about the message, causing plaintiff embarrassment and distress.

**ANSWER**:    Defendant denies the allegations contained in Paragraph 13 of Plaintiff's complaint.

### COUNT I - FDCPA

14.     Plaintiff incorporates paragraphs 1-13.

**ANSWER**:    Defendant Collectcorp reasserts and realleges it answers to Paragraphs 1-13 of Plaintiff's complaint as though fully set forth herein.

15.     Defendant violated 15 U.S.C. §1692e by informing third parties about the debt.

**ANSWER**:     Defendant denies the allegations of Paragraph 15 of Plaintiff's complaint.

16.     Defendant violated 15 U.S.C §1692e by representing to Terry Selby that plaintiff's employer was liable for plaintiff's debt.

**ANSWER**:     Defendant denies the allegations of Paragraph 16 of Plaintiff's complaint.

17.     Defendant violated 15 U.S.C. §1692d by contacting plaintiff's neighbor.

**ANSWER**:     Defendant denies the allegations of Paragraph 17 of Plaintiff's complaint.

WHEREFORE, Defendant Collectcorp Corporation denies that Plaintiff is entitled to judgment in any sum whatsoever, and respectfully request that this Court enter judgment in its favor with costs and/or grant any other just relief.

## COUNT II – ILLINOIS COLLECTION AGENCY ACT

18.     Plaintiff incorporates paragraphs 1-13.

**ANSWER**:     Defendant Collectcorp reasserts and realleges it answers to Paragraphs 1-13 of Plaintiff's complaint as though fully set forth herein.

19.     Defendant is a collection agency as defined in the Illinois Collection Agency Act, 225 ILCS 425/1 et seq.

**ANSWER**:     Defendant admits the allegations contained in Paragraph 19 of Plaintiff's complaint.

20.     Defendant violated the following provisions of 225 ILCS 425/9:

**...(14) Initiating or threatening to initiate communication with a debtor's employer unless there has been a default of the payment of the obligation for at least 30 days and at least 5 days prior written notice, to the last known address of the debtor, of the intention to communicate with the employer has been given to the employee, except as expressly permitted by law or court order. . . .**

**(17) Disclosing or threatening to disclose information relating to a debtor's indebtedness to any other person except where such other person has a legitimate business need for the information or except where such disclosure is regulated by law. . . .**

**(20) Attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist. . . .**

**ANSWER**:     Defendant denies the allegations of Paragraph 20 of Plaintiff's complaint.


21.     A private right of action exists for violation of the ICAA.  Sherman v. Field Clinic, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

**ANSWER**:     This Paragraph does not allege facts to which an answer is necessary.  To the extent it alleges any facts which require an answer, Defendant denies the allegations of Paragraph 21 of Plaintiff's complaint.


22.     Plaintiff was damaged as a result.

**ANSWER**:     Defendant denies the allegations of Paragraph 22 of Plaintiff's complaint.


23.     Defendant's conduct was intentionally wrongful and malicious.

**ANSWER**:     Defendant denies the allegations of Paragraph 23 of Plaintiff's complaint.

6

WHEREFORE, Defendant Collectcorp Corporation denies that Plaintiff is entitled to judgment in any sum whatsoever, and respectfully request that this Court enter judgment in its favor with costs and/or grant any other just relief.

## COUNT III – INVASION OF PRIVACY

24.    Plaintiff incorporates paragraphs 1-13.

**ANSWER**:    Defendant Collectcorp reasserts and realleges it answers to Paragraphs 1-13 of Plaintiff's complaint as though fully set forth herein.

25.    Defendant disturbed plaintiff's reasonable expectation of solicitude by informing third parties of the alleged debt and by leaving messages with plaintiff's neighbor.

**ANSWER**:    Defendant denies the allegations of Paragraph 25 of Plaintiff's complaint.

26.    Defendant's conduct was highly offensive to a reasonable individual.

**ANSWER**:    Defendant denies the allegations of Paragraph 26 of Plaintiff's complaint.

27.    Plaintiff was damaged as a result.

**ANSWER**:    Defendant denies the allegations of Paragraph 27 of Plaintiff's complaint.

28.    Defendant's conduct was intentionally wrongful and malicious.

**ANSWER**:    Defendant denies the allegations of Paragraph 28 of Plaintiff's complaint.

WHEREFORE, Defendant Collectcorp Corporation denies that Plaintiff is entitled to judgment in any sum whatsoever, and respectfully request that this Court enter judgment in its favor with costs and/or grant any other just relief.

Segal McCambridge Singer & Mahoney, Ltd.

By:    /s/Brian H. Eldridge                           
          Segal McCambridge Singer & Mahoney
          Brian Eldridge (ARDC No. 06281336)
          Anastasios T. Foukas (ARDC No. 06281404)
          Jason P. Eckerly (ARDC No. 6288127)
          Natacha D. von Will (ARDC No. 6284196)
          Sears Tower
          233 S. Wacker Drive, Suite 5500
          Chicago, Illinois 60606
          (312) 645-7800